# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CLIFTON D. LOLLAR, | DOCKET NUMBER |
|           Appellant, | DA-1221-14-0324-C-1 |
|    v. | |
| DEPARTMENT OF HOMELAND | DATE: August 17, 2023 |
|   SECURITY, | |
|         Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Ashok Bail</u>, Esquire, Houston, Texas, for the appellant.

<u>Larry Zieff</u>, Esquire, Williston, Vermont, for the agency.

<u>Michelle M. Murray</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## ORDER

¶1      The agency has filed a petition for review and the appellant has filed a cross petition for review of the compliance initial decision, which granted the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for enforcement in part.  Generally, we grant petitions such as these only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review.  Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the compliance initial decision to find the agency in noncompliance as to the appellant's special act award, and ORDER the agency to submit satisfactory evidence of compliance.

## BACKGROUND

¶2     The appellant, a GS-14 Supervisory Criminal Investigator, filed an individual right of action (IRA) appeal claiming that the agency took several personnel actions against him in retaliation for various protected disclosures. *Lollar v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0324-W-1, Initial Appeal File, Tabs 1, 6.  On December 13, 2016, the administrative judge issued an initial decision granting corrective action as to some of the claimed prohibited personnel practices.  *Lollar v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0324-W-3, Appeal File, Tab 35, Initial Decision (ID).  Neither party petitioned for review, and the initial decision became the Board's final decision.  *See* 5 C.F.R. § 1201.113.

¶3       On May 31, 2017, the appellant filed a petition for enforcement alleging that the agency was in noncompliance because it miscalculated the performance award it owed him, failed to award him a quality step increase (QSI), and failed to pay him a special act award. *Lollar v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0324-C-1, Compliance File (CF), Tab 1 at 7-16. The administrative judge issued a compliance initial decision granting the appellant's petition for enforcement in part. CF, Tab 6, Compliance Initial Decision (CID). She found the agency in compliance as to the performance award and the QSI but in noncompliance as to the special act award. CID at 4-7. She therefore ordered the agency to calculate and pay the appellant a special act award. CID at 7.

¶4       The agency has filed a petition for review, arguing that it should not be required to pay the appellant a special act award because this relief was not specified in the ordering paragraphs of the merits initial decision. *Lollar v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0324-C-1, Compliance Petition for Review (CPFR) File, Tab 1; ID at 45-46. The appellant has filed a response in opposition, as well as a cross petition for review disputing the administrative judge's findings on the performance award calculation.[2] CPFR File, Tab 3.

## ANALYSIS

The agency's petition for review is denied.

¶5       In her compliance initial decision, the administrative judge found that the agency was in noncompliance concerning the special act award. CID at 6-7. She found it undisputed that the agency had taken no action to calculate or pay the appellant a special act award. CID at 6. Although the agency contended that it

---

[2] The appellant does not appear to dispute the administrative judge's finding of compliance regarding the QSI.

was not required to do so because the initial decision's ordering paragraphs contained no mention of a special act award, the administrative judge found that it was otherwise clear from the initial decision that she had granted corrective action in this regard. CID at 6-7. She therefore ordered the agency to calculate and pay the appellant a special act award and to provide the appellant evidence of its compliance. CID at 7.

¶6    On petition for review, the agency maintains that, under the terms of the initial decision, it is not required to pay the appellant a special act award. CPFR File, Tab 1. The agency argues that it is only required to comply with the directions in the initial decision under the section captioned "Order." *Id*. at 5-6. The agency also disputes the administrative judge's finding that it was "clear" that she intended the agency to pay the appellant a special act award. *Id*. at 7. The agency argues that, if this were the administrative judge's intention, she should have included this in the ordering paragraphs of the initial decision because "the agency cannot be expected to sift through dicta in the merits [initial decision] to discern the [administrative judge 's] intent." *Id*. The agency further argues that the appellant is essentially using the petition-for-enforcement process to challenge the outcome of the merits proceedings, an approach that the Board has rejected in the past. CPFR File, Tab 1 at 4-5, 7-9; *see, e.g.*, *Jones v. Department of the Navy*, 50 M.S.P.R. 398, 400 (1991). The agency argues, in the alternative, that the compliance initial decision's grant of a special act award be invalidated due to vagueness because the administrative judge did not specify an amount for the award. CPFR File, Tab 1 at 9.

¶7    For the following reasons, we disagree with the agency. First, to the extent that the agency is arguing that the analysis section of an initial decision is dicta, we disagree. Although there may be dicta contained in an administrative judge's analysis, those holdings and findings necessary for the administrative judge to reach her decision are not. *Cf. Black's Law Dictionary* (10th ed. 2014) (definition of "dictum"). Second, we disagree with the agency that the initial

decision was in any way unclear on this point. Although not under the heading "Order," the initial decision specifically states, "the appellant's request for corrective action with regard to [the special act award] is granted." ID at 32. We fail to see what is unclear about this. Third, the Board will not allow obvious omissions in an order to serve as a loophole for parties to avoid the obligations imposed by an initial decision. *See Shenwick v. Department of State*, 90 M.S.P.R. 192, ¶ 6 n.1 (2001). Initial decisions, like other legal documents, should be read and interpreted as a whole. *See Webster v. Department of the Army*, 911 F.2d 679, 687-88 (Fed. Cir. 1990). We find that the special act award fell properly within the scope of the petition for enforcement and that the petition was not an attempt to expand the relief to which the appellant is entitled under the terms of that decision. For these reasons, and in light of the remedial nature of the Whistleblower Protection Act and the Board's broad remedial and enforcement authority, *see generally, Tram v. U.S. Postal Service*, 118 M.S.P.R. 388, ¶ 7 (2012); *Weed v. Social Security Administration*, 110 M.S.P.R. 468, ¶ 5 (2009), *Porter v. Department of the Treasury*, 80 M.S.P.R. 606, ¶ 10 (1999), we agree with the administrative judge's finding of noncompliance.

¶8      As for the alleged vagueness of the administrative judge's order, although she did not specify an amount for the special act award, this is not at all unusual for a remedial order and in no way renders it invalid. The agency is in possession of all the information necessary to calculate the award, and it will do so in good faith in accordance with the administrative judge's instructions. CID at 7. The agency's petition for review is denied.

The appellant's cross petition for review is denied.

¶9      In her merits initial decision, the administrative judge found that the appellant earned a summary performance rating of "achieved excellence" for fiscal year 2012, and that he received a 16-hour time-off performance award. ID at 26-28. However, she also found that the appellant had received greater awards for the same summary rating in prior years, and that three out of five similarly

situated employees had received greater awards than the appellant in fiscal year 2012. ID at 27-28. The administrative judge found that the appellant was entitled to corrective action as to the performance award, and she ordered the agency to grant the appellant an additional cash or time-off award for fiscal year 2012, consistent with applicable policies and regulations, and consistent with the awards granted to other employees with the same performance rating. ID at 30, 45.

¶10 In her compliance initial decision, the administrative judge found that the agency complied with her order by paying the appellant a $1,000 cash award and increasing his time-off award from 16 to 24 hours.[3] CID at 4. She found that this performance award was consistent with the awards given to the five comparator employees. CID at 4-5. Although the appellant argued that these comparator employees were not unit chiefs like he was, the administrative judge found that the appellant had not filed a petition for review of the merits initial decision to challenge the propriety of the comparators. CID at 4.

¶11 On cross petition for review, the appellant argues that, instead of basing the performance award on what the comparator employees received for fiscal year 2012, the agency should instead have based the performance award on what he had received in fiscal year 2010. CPFR File, Tab 3 at 24. The appellant's proffered method would result in a cash award of $3,000 and a time-off award of 40 hours. *Id*. at 23-24.

¶12 Putting aside the issue of whether the appellant missed his opportunity to challenge the identity of the comparators, we find that the method of calculation that the administrative judge ordered, and that the agency applied, was more appropriate than the method that the appellant now proffers. Specifically, performance awards are heavily dependent on factors specific to the performance

---

[3] Because the appellant was no longer employed by the agency, the agency paid him the cash equivalent of the increased time-off award. CID at 4.

year in question; these include the funding available for such awards and the number of employees among whom these funds must be distributed. *See* Memorandum for Heads of Executive Departments and Agencies, *Guidance on Awards for Fiscal Years 2011 and 2012*, from John Berry, Director, Office of Personnel Management (June 10, 2011), https://chcoc.gov/content/guidance-awards-fiscal-years-2011-and-2012. We recognize that, unlike the appellant, none of the five comparators were unit chiefs. However, in the absence of any evidence to show that this fact would have figured prominently into the performance award calculation, we find that the awards that the agency paid to the comparators in 2012 provide a better benchmark for relief than the award that it paid the appellant 2 years earlier.[4] Because the $1,000 cash and 24-hour time-off performance awards match those given to the most highly awarded comparators, we agree with the administrative judge that the agency is in compliance with respect to the appellant's 2012 performance award. ID at 27; CID at 3-5.

¶13    The appellant appears to raise some other matters on cross petition for review that do not warrant any action at this time. To the extent that the appellant is requesting sanctions against the agency, CPFR File, Tab 3 at 26, we find that sanctions are not appropriate at this time, *see generally* 5 C.F.R. § 1201.43. To the extent that the appellant is requesting leave to seek attorney fees related to these enforcement proceedings, CPFR File, Tab 3 at 26, he may file a motion for attorney fees under the procedures of 5 C.F.R. § 1201.203. The appellant's cross petition for review is denied.

---

[4] Under the appellant's proffered method of calculation, his designation as unit chief would have entitled him to approximately double the performance award of other otherwise similarly situated GS-14s. We find this to be inherently unlikely.

**ORDER**

¶14　　We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's submission shall demonstrate that it properly calculated the appellant's special act award and that the back pay awarded to the appellant reflects that calculation. The agency must serve all parties with copies of its submission.

¶15　　**The Board will assign a new docket number to this matter, MSPB Docket No. DA-1221-14-0324-X-1.** All subsequent filings should refer to the new docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶16　　The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement.

¶17　　The agency is reminded that if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency

official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶18 This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in this petition for enforcement, a final order shall be issued which shall be subject to judicial review.


FOR THE BOARD:                   /s/ for

                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.